UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23794-CIV-GAYLES/OTAZO-REYES

JANVIER VILLARS,

    Plaintiff,

vs.

THE SECRETARY OF STATE OF FLORIDA;
BUCKLEY TOWERS CONDOMINIUM
ASSOCIATION; LEIGH KATZMAN OF
KATZMAN GARFINKEL/KATZMAN
CHANDLER, P.A.; STEVENS & GOLDWYN,
P.A.; FIRST SERVICES RESIDENTIAL; AKAM
ON-SITE, INC.; LEIGH KATZMAN; OLESYA
ARKHIPOVA; MORDECHAI ZARGER;
LILIANA CALDERON; ILIANA MUXO;
ALMA ABREAU; PEGGY STROKER,

    Defendants.
_____/

JANVIER VILLARS; ALEKSEJS NIKITINS,

    Plaintiffs,

vs.

MR. SOURAV CHAKRABORTY, BOARD
OFFICER; MR. MORDECHAI ZARGER,
BOARD OFFICER; STEVENS &
GOLDWYN, P.A.; MIAMI-DADE
COUNTY; MIAMI-DADE POLICE DEPT.,

    Defendants.
_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REQUEST
FOR ADMISSIONS AND PRODUCTION OF MERITS [D.E. 51]**

    Defendant AKAM ON-SITE, INC. ("Defendant"), by and through undersigned counsel

hereby moves the Court to strike the Request for Admissions and Production of Merits ("RFA")

[D.E. 51] filed by Plaintiff JANVIER VILLARS ("Plaintiff"), and in support thereof state as follows:

## INTRODUCTION

In the matter at bar, Plaintiff improperly filed RFAs to Defendant in contravention of both Local Rule 26.1(b) and Federal Rule of Civil Procedure 36 despite the fact that the Court has previously stricken Plaintiff's improperly filed discovery.

## PROCEDURAL HISTORY

1. On September 11, 2019, Plaintiff instituted this action [D.E. 1] essentially seeking relief from the prior state court actions referenced in his Complaint.

2. On September 12, 2019, the Court referred this case to Magistrate Judge Alicia M. Otazo-Reyes for all pre-trial matters [D.E. 6].

3. On October 18, 2019, Defendants FIRST SERVICE RESIDENTIAL, OLESYA ARKHIPOVA, MORDECHAI ZARGER, LILIANA CALDERON, ILIANA MUXO, ALMA ABREAU, and BUCKLEY TOWERS CONDOMINIUM ASSOCIATION, moved to dismiss [D.E. 8] Plaintiff's Complaint with prejudice because the Complaint does not raise any cognizable claims upon which relief can be granted, and any potential claims found therein are both precluded by the *Rooker-Feldman* doctrine and barred by non-mutual collateral estoppel.

4. On October 25, 2019, Defendant AKAM ON-SITE, INC. joined in [D.E. 9] the Motion to Dismiss Complaint with Prejudice [D.E. 8].

5. On November 4, 2019, Plaintiff moved[1] [D.E. 10] for the consolidation with this action of another case he filed in the United States District Court for the Southern District of Florida (No. 1:19-cv-23932-MGC) on September 20, 2019, and he filed his untimely response

---

[1] In contravention of Local Rule 7.1(a)(3) of the Local Rules of the United States District Court for Southern District of Florida Plaintiff both failed to confer with any of the Defendants prior to filing this motion, and as a result, also failed to certify such conferral at the end of the motion, and above the signature block.

[D.E. 11] to the Motion to Dismiss Complaint with Prejudice [D.E. 8].

6. On December 19, 2019, Plaintiff improperly filed a Request for Production [D.E. 17] and simultaneously moved[2] to compel such requested production.

7. On December 20, 2019, the Court entered an Order [D.E. 18] striking Plaintiff's Request for Production for failure to comply with the Local Rules of the United States District Court for Southern District of Florida and denying his Motion to Compel.

8. On February 28, 2020, Defendants filed a Joint Motion to Stay Proceedings as a result of Plaintiff's multitudinous improper filings and the pending dispositive Motion to Dismiss.

9. On March 6, 2020, Plaintiff filed[3] his Motion to Strike Defendants Abuse of Process Pleading for a Stay Motion for Hearing on the Declaratory Judgment Reliefs [D.E. 50].

10. Also on March 6, 2020, Plaintiff improperly filed the subject RFAs [D.E. 51].

11. On March 20, 2020, Defendants filed their Joint Response in Opposition [D.E. 59] to Plaintiff's Motion to Strike Defendants Abuse of Process Pleading for a Stay Motion for Hearing on the Declaratory Judgment Reliefs.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 36 states that "[a] party may **serve** on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Emphasis added.  Moreover,

---

[2] In contravention of Local Rule 7.1(a)(3) of the Local Rules of the United States District Court for Southern District of Florida Plaintiff both failed to confer with any of the Defendants prior to filing this motion, and as a result, also failed to certify such conferral at the end of the motion, and above the signature block.

[3] In contravention of Local Rule 7.1(a)(3) of the Local Rules of the United States District Court for Southern District of Florida Plaintiff both failed to confer with any of the Defendants prior to filing this motion, and as a result, also failed to certify such conferral at the end of the motion, and above the signature block..

Local Rule 26.1(b)(4) of the United States District Court for the Southern District of Florida specifically mandates that requests for admission "**shall not be filed** until they are used in the proceeding or the court orders their filing." Emphasis added. As a result of this Rule, the Court previously struck discovery that Plaintiff improperly filed.

Despite that Order [D.E. 18] explicitly setting forth the Court's rationale, Plaintiff has yet again flouted not only the Federal Rules of Civil Procedure, but the Local Rules of this Court. The Court should accordingly strike this latest improper filing and admonish Plaintiff to adhere to its Local Rules, as well as the Federal Rules of Civil Procedure. *See Shuler v. Severson*, 2019 U.S. Dist. LEXIS 61196, No. 18-CV-14027-MARTINEZ (S.D. Fla. Apr. 8, 2019) adopted by *Shuler v. Severson*, 2019 U.S. Dist. LEXIS 71078 (S.D. Fla., Apr. 25, 2019) (dismissing pro se plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) after plaintiff repeatedly filed improper pleadings, motions, and discovery requests requiring the Court to strike no less than 22 improper filings and after advising plaintiff that failure to comply with the Rules or court orders or engaging in abusive litigation practices would likely result in dismissal of the entire action ).

WHEREFORE, the Defendant respectfully requests that the Court enter an order granting the instant motion, striking Plaintiff's improperly filed Request for Admissions and Production of Merits [D.E. 51], and granting Defendant such other and further relief it deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1 (a)(3)(A), undersigned counsel for the movant hereby certifies that they conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement the issues raised in this motion and have been unable to do so because Plaintiff objected to the relief sought in this motion via email on April 4, 2020.

Respectfully submitted,

Boyd Richards Parker Collonelli
*Counsel for AKAM On-Site Inc.; Olesya Arkhipova; Mordechai Zarger; Liliana Calderon; Iliana Muxo; Alma Abreu; Buckley Towers Condominium Association*
100 SE 2nd Street, Suite 2600
Miami, FL 33131
kcoba@boydlawgroup.com

By: /s/ Katherine Ann Coba
    Katherine Anne Coba

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Counsel for Defendants, Akam On-Site, Inc., Olesya Arkhipova, Liliana Calderon, Iliana Muxo, Mordechai Zarger, Alma Abreu and Buckley Towers Condominium Association*
100 S. E. Second Street, Suite 2600
Miami, Florida 33131
Tel: (786) 425-1045/ Fax: (786) 425-3905
Primary Email: kcoba@boydlawgroup.com
Secondary Email: servicemia@boydlawgroup.com

By: /s/ Katherine Ann Coba
    KATHERINE A. COBA
    Florida Bar No. 96303

**SERVICE LIST**
Janvier Villars
1301 NE Miami Gardens Drive, 322W
Miami, FL 33179
Janvier269@gmail.com
*Pro Se Plaintiff*

Aleksejs Nikitins
bagertransport@hotmail.com
*Pro Se Plaintiff*

Alice K. Sum, Esq.
Fowler White Burnett
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
asum@fowler-white.com
*Attorney for Peggy Stroker*

Ryan B. Weiss, Esq.
COLE, SCOTT & KISSANE, P.A.
P.O. Box 569015
Miami, FL 33256
Telephone: (786) 268-6415
Facsimile: (305) 373-2294
Ryan.weiss@csklegal.com
*Counsel for Defendant First Services Residential*

Wendy Stein Fulton, Esq.
BONNER KIERNAN TRENACH & CROCIATE, LLP
100 East Boulevard, Suite 1700
Ft. Lauderdale, FL 33301
Telephone: (954) 308-8100
Facsimile: (954) 308-8101
wstein@bonnerkiernan.com
*Counsel for Steven & Goldwyn, P.A.*

Ashley E. Davis, Esq.
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Telephone: (850) 245-6536
Facsimile: (850) 245-6127
Ashley.davis@dos.myflorida.com
*Counsel for Defendant Secretary of State*