**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NOS. 19-23794-CIV-GAYLES/OTAZO-REYES**
**20-20202-CIV-GAYLES/OTAZO-REYES**

JANVIER VILLARS,

      *Pro se* Plaintiff,

      v.

THE SECRETARY OF THE STATE OF FLORIDA, *et al.*,

      Defendants.

_____/

JANVIER VILLARS and
ALEKSEJS NIKITINS,

      *Pro se* Consol. Plaintiffs,

      v.

SOURAV CHAKARABORTY, *et al.*,

      Consol. Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATION

THESE CONSOLIDATED CAUSES came before the Court upon the following submissions:

1.      Defendants Buckley Towers Condominium Association ("Buckley Towers"), First Services Residential, Olesya Arkhipova, Mordechai Zarger, Liliana Calderon, Iliana Muxo, and Alma Abreu's (collectively, "Buckley Towers Defendants") Motion to Dismiss Complaint with Prejudice (hereafter, "Buckley Towers Defendants' Motion to Dismiss") in Case No. 19-23794 [D.E. 8].

2.      Defendant AKAM ON-SITE INC.'s ("AKAM") Notice of Joinder in Motion to Dismiss Complaint with Prejudice (hereafter, "AKAM's Motion to Dismiss") in Case No. 19-23794 [D.E. 9].

3.      Defendant Secretary of the State of Florida's ("Secretary") Motion to Dismiss (hereafter, "Secretary's Motion to Dismiss") in Case No. 19-23794 [D.E. 15].

4.       Defendant Peggy Stroker's ("Stroker") Motion to Dismiss Complaint with Prejudice (hereafter, "Stroker's Motion to Dismiss") in Case No. 19-23794 [D.E. 19].

5.      Consolidated Defendant Stevens & Goldwyn, P.A.'s ("Stevens & Goldwyn") Motion to Dismiss (hereafter, "Stevens & Goldwyn's Motion to Dismiss") in Case No. 20-20202 [D.E. 36].

6.      Buckley Towers Defendants, AKAM, Secretary, Stroker and Stevens & Goldwyn's (collectively, "Defendants") Joint Motion to Stay Proceedings (hereafter, "Defendants' Motion to Stay") [D.E. 48].

7.      Defendant AKAM's Motion to Strike Plaintiff's Request for Admissions and Production of Merits [D.E. 51] (hereafter, "AKAM's Motion to Strike") [D.E. 61].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 6].

For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Buckley Towers Defendants' Motion to Dismiss, AKAM's Motion to Dismiss, Secretary's Motion to Dismiss, and Stroker's Motion to Dismiss [D.E. 8, 9, 15, 19] be GRANTED with prejudice; that Stevens & Goldwyn's Motion to Dismiss [D.E. 36] be GRANTED without prejudice; and that Defendants' Motion to Stay [D.E. 48] and AKAM's Motion to Strike [D.E. 61] be GRANTED, given the lack of a viable pleading as to Defendants.

## PROCEDURAL BACKGROUND

On September 11, 2019, Plaintiff commenced Case No. 19-23794 with the filing of a document entitled "Complaint Under Civil Rights Act U.S. Code 42 for Declaratory Judgements with Demand for Injunctive Relief Motion for Relief of Judgment with Demand for Jury Trial" (hereafter, "Complaint") [D.E. 1].   The Complaint is composed of four sections: "Motion for Declaratory Judgment/Relief[,]" id. at 9-21; "Plead for Declaratory Judgment Relief[,]" id. at 22-23; "Plead for Declaratory Relief Questions[,]" id. at 24-26; and "Motion for Relief from State Court Final Judgment[,]" id. at 27-45.   The last section recites eight counts from Plaintiff's complaint in the state court action for which he seeks relief from the state court's final judgment. Id.

Buckley Tower Defendants, AKAM and Stroker seek dismissal of Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine; defensive non-mutual collateral estoppel; and failure to state a claim upon which relief can be granted.   See Buckley Towers Defendants' Motion to Dismiss [D.E. 8]; AKAM's Motion to Dismiss [D.E. 9]; Stroker's Motion to Dismiss [D.E. 19]. Secretary also seeks dismissal on the grounds that Plaintiff's action is actually against the State of Florida and is barred by the Eleventh Amendment.   See Secretary's Motion to Dismiss [D.E. 15].

On January 22, 2020, the Court consolidated Case No. 20-20202 with Case No. 19-23794. See Order Consolidating Cases [D.E. 25].   Plaintiff and Aleksejs Nikitins (together, "Plaintiffs") had commenced Case No. 20-20202 on January 16, 2020 with the filing of a document entitled "Emergency Motion for a Temporary Injunction Declaratory Judgment 28 U.S.C. § 2201 and § 2202" (hereafter "Emergency Motion") [D.E. 1, Case No. 20-20202].   Therein, Plaintiffs sought a preliminary injunction in advance of the Buckley Towers' board elections scheduled for January 23, 2020, and a declaration regarding the validity of the prior board elections.   Id. at 2.   In their

submission, Plaintiffs also purport to make "Class Action Allegations as they Occurred[,]" and to assert four counts for: "Breach of Fiduciary Duties by Tortious Interference"; "Conspiracy to Interfere on Property Owners' Civil and Equal Rights"; "Invasion of Privacy through Private Nuisance or Nuisance Per se"; and "Violations under 18 U.S.C. 241, 242, 42 U.S.C. § 1985 Conspiracy to Interfere with Civil Rights, 28 U.S. Code § 1343 and 42 U.S.C. § 1986" (hereafter, "Purported Class Action Complaint"). Id. at 11-19.

Stevens & Goldwyn argues that the Emergency Motion should be denied as moot due to the passage of time and that, in any event, Plaintiffs are not entitled to injunctive relief. See Stevens & Goldwyn's Motion to Dismiss") [D.E. 36 at 2-6]. Stevens & Goldwyn also seeks dismissal of the Purported Class Action Complaint, arguing that Plaintiffs have failed to allege any cause of action against it, either as individuals or as purported class representatives. Id. at 6-8.

## DISCUSSION

### A. Case No. 19-23794.

As previously noted, Buckley Towers Defendants, AKAM and Stroker argue that Plaintiff's Complaint in Case No. 19-23794 is barred by the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1281 (11th Cir. 2018). The doctrine "arises from the fact that the only federal court empowered to review final state court judgments is the Supreme Court of the United States." Scott v. Frankel, 606 F. App'x 529, 531 (11th Cir. 2015) (citing 28 U.S.C. § 1257(a); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923)). Pursuant to the *Rooker-Feldman* doctrine:

> a federal court is barred from adjudicating a claim that was either (1) one actually adjudicated by a state court or (2) one inextricably intertwined with a state court judgment.  A claim is inextricably intertwined if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.  A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments.

Carr v. U.S. Bank as trustee for TBW Mortg. Backed Tr. Series 2006-6, 793 F. App'x 971, 973-74 (11th Cir. 2019) (citations and quotations omitted).

As noted above, in Case No. 19-23794, Plaintiff seeks review of a state court final judgment.  Therefore, the Court lacks jurisdiction over this action pursuant to the *Rooker–Feldman* doctrine.  Carr, 793 F. App'x at 973-74, Target Media Partners, 881 F.3d at 1281; Scott, 606 F. App'x at 531.  Plaintiff recognizes the preclusive effect of the *Rooker-Feldman* doctrine on this action, but he seeks to avoid dismissal by invoking a fraud exception to the doctrine.  See Complaint [D.E. 1 at 1, 26] (referring to a fraud or fraud on the court exception to the *Rooker-Feldman* doctrine).  However, the Eleventh Circuit does not recognize any such exception to the *Rooker-Feldman* doctrine.  See Scott, 606 F. App'x at 532 (declining to recognize an extrinsic-fraud exception to the *Rooker-Feldman* doctrine);[1] see also Valentine v. BAC Home Loans Serv., L.P., 635 F. App'x 753, 757 (11th Cir. 2015) ("There is no recognized exception to the *Rooker-Feldman* doctrine for intrinsic fraud. Such an exception could effectively gut the doctrine by permitting litigants to challenge almost any state-court judgment in federal district court merely

---

[1]  In rejecting the exception, the Eleventh Circuit stated:

> It is true that some of our sister circuits have recognized an extrinsic-fraud exception to *Rooker–Feldman. See, e.g., In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir.1986) ("A federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.") (quotation marks omitted); *Resolute Ins. Co. v. State of N.C.,* 397 F.2d 586, 589 (4th Cir.1968) (same). But we have not, and we do not do so now.

Id. at 532 n.4.

by alleging that the other party lied during the state-court proceedings.").

Based on the foregoing analysis, the Complaint in Case No. 19-23794 is subject to dismissal for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  Scott, 606 F. App'x at 532 ("[A] *Rooker–Feldman* dismissal is a dismissal for lack of subject matter jurisdiction. . . .").  Generally, such a dismissal is technically without prejudice.  Id. ("[A] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (citing Stalley v. Orlando Reg'l Healthcare Sys., 524 F.3d 1229, 1232 (11th Cir. 2008); Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983)).  However, in this case, the dismissal should be with prejudice because it would be futile for Plaintiff to attempt to amend his pleading in a fashion that avoids the *Rooker-Feldman* doctrine.  See Alberto v. Sec'y, Fla. Dep't of Corr., 770 F. App'x 467, 469 (11th Cir. 2019) ("A court may nevertheless dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even 'a more carefully drafted complaint could not state a claim.'") (quoting Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018)).[2]

Secretary also argues for dismissal of the Complaint in Case No. 19-23794 on separate jurisdictional grounds, namely, the Eleventh Amendment.  See Secretary's Motion to Dismiss [D.E. 15].  Secretary argues that, while she is named in the case caption, there are no allegations against her, and no relief is sought from her in the Complaint.  Id. at 1.  Rather, Plaintiff lists "The State of Florida" as a party, alleging that "through its Statutory Law 718, known as the Condo Act, [it] has been infringing on U.S. Constitutional rights of equal protection under the law for simply being property owners in an association."  See Complaint [D.E. 1 at 6].

---

[2]  Given the dispositive nature of this jurisdictional determination, the undersigned need not address the additional arguments for dismissal advanced by Buckley Tower Defendants, AKAM and Stroker, namely, defensive non-mutual collateral estoppel and failure to state a claim upon which relief can be granted.

"The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (citations omitted).   Based on Plaintiff's allegations, the State of Florida is the real defendant in the Complaint in Case No. 19-23794.   Therefore, Plaintiff's claim is barred by the Eleventh Amendment as to both Secretary and the State of Florida.   Given this absolute bar, the Complaint in Case No. 19-23794 is subject to dismissal with prejudice.

### B. Case No. 20-20202.

Plaintiffs filed the Emergency Motion on January 16, 2020 as a new action, only seven days before the board elections scheduled for January 23, 2020, as to which they sought a preliminary injunction and a declaration regarding the validity of the prior board elections.  See Emergency Motion [D.E. 1, Case No. 20-20202].   On February 10, 2020, Stevens & Goldwyn responded, arguing that the Emergency Motion should be denied as moot due to the passage of time.  See Stevens & Goldwyn's Motion to Dismiss [D.E. 36 at 2].   It is well established that "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)).   Because meaningful relief is no longer available to Plaintiffs due to the passage of time, Plaintiffs' Emergency Motion should be denied as moot.

Additionally, Stevens & Goldwyn argues that Plaintiffs cannot satisfy the requirements for obtaining the injunctive relief they seek in the Emergency Motion.  See Stevens & Goldwyn's Motion to Dismiss [D.E. 36 at 2-6].   A party seeking a preliminary injunction must show that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Wreal, LLC, v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)).  To the extent Plaintiffs attempt to state a claim against Stevens & Goldwyn in their Purported Class Action Complaint, they have failed.  Plaintiffs reference Stevens & Goldwyn in Count One, which they label "Breach of Fiduciary Duties by Tortious Interference[,]" a non-existent tort.  Therefore, Plaintiffs cannot satisfy the element of substantial likelihood of success on the merits.  Additionally, Plaintiffs cannot show irreparable harm, given the mootness of their request for injunctive relief.  Finally, the balancing of the equities does not favor the issuance of the requested injunction.  Thus, Plaintiffs' Emergency Motion should also be denied for failure to satisfy the requirements for injunctive relief.  Wreal, 840 F.3d at 1247.

Moreover, given that the sole count asserted against Stevens & Goldwyn wholly fails to state a cause of action, Stevens & Goldwyn's Motion to Dismiss Plaintiffs' Purported Class Action Complaint should be granted without prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

In accordance with the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that:

1.      The Motions to Dismiss filed by Buckley Towers Defendants, AKAM, Secretary, and Stroker [D.E. 8, 9, 15, 19] be GRANTED WITH PREJUDICE, and Case No. 19-23794 be DISMISSED WITH PREJUDICE.

2.      Plaintiffs' Emergency Motion [D.E. 1, Case No. 20-20202] be DENIED.

3.      Stevens & Goldwyn's Motion to Dismiss [D.E. 36] be GRANTED without prejudice.

4.      Defendants' Motion to Stay [D.E. 48] and AKAM's Motion to Strike [D.E. 61] be GRANTED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 3rd day of August, 2020.

_____

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Darrin P. Gayles
Counsel of Record

Copies via U.S. mail to:

Janvier Villars
1301 NE Miami Gardens Drive
322 W
Miami, FL 33179