UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.: 1:19-cv-23794-GAYLES/OTAZO-REYES
1:20-cv-20202-GAYLES/OTAZO-REYES

**JANVIER VILLARS**,

    Plaintiff,

v.

**SECRETARY OF THE STATE OF FLORIDA, THE STATE OF FLORIDA, STEVEN & GOLDWYN, P.A., FIRST SERVICES RESIDENTIAL, AKAM ON-SITE INC., OLESYA ARKHIPOVA, MORDECHAI ZARGER, LILIANA CALDERON, ILIANA MUXO, ALMA ABREU, PEGGY STROKER, LEIGH KATZMAN, and BUCKLEY TOWERS CONDOMINIUM ASSOCIATION**,

    Defendants.
_____

**JANVIER VILLARS and ALEKSEJS NIKITINS**,

    Consolidated Plaintiffs,

v.

**SOURAV CHAKRABORTY, MORDECHAI ZARGER, STEVEN & GOLDWYN, P.A., MIAMI-DADE POLICE DEPARTMENT, and MIAMI-DADE COUNTY**,

    Consolidated Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 63] on the following pending motions (collectively, the "Motions") before the Court:

1. Defendants Buckley Towers Condominium Association ("Buckley Towers"), First Services Residential, Olesya Arkhipova, Mordechai Zarger, Liliana Calderon, Iliana Muxo, and Alma Abreu's (collectively, "Buckley Towers Defendants") Motion to Dismiss Complaint with Prejudice (hereinafter, "Buckley Towers Defendants' Motion to Dismiss"), [ECF No. 8], in Case No. 19-23794;

2. Defendant AKAM On-Site Inc.'s ("AKAM") Notice of Joinder in Motion to Dismiss Complaint with Prejudice (hereinafter, "AKAM's Motion to Dismiss"), [ECF No. 9], in Case No. 19-23794;

3. Defendant Secretary of the State of Florida's ("Secretary") Motion to Dismiss (hereafter, "Secretary's Motion to Dismiss"), [ECF No. 15], in Case No. 19-23794;

4. Defendant Peggy Stroker's ("Stroker") Motion to Dismiss Complaint with Prejudice (hereinafter, "Stroker's Motion to Dismiss"), [ECF No. 19], in Case No. 19-23794;

5. Consolidated Defendant Stevens & Goldwyn, P.A.'s ("Stevens & Goldwyn") Motion to Dismiss (hereinafter, "Stevens & Goldwyn's Motion to Dismiss"), [ECF No. 36], in Case No. 20-20202;

6. Buckley Towers Defendants, AKAM, Secretary, Stroker and Stevens & Goldwyn's (collectively, "Defendants") Joint Motion to Stay Proceedings, [ECF No. 48], (hereinafter, "Defendants' Motion to Stay"); and

      7.      Defendant AKAM's Motion to Strike Plaintiff's Request for Admissions and Production of Merits [D.E. 51], [ECF No. 61], (hereinafter, "AKAM's Motion to Strike").

This action was referred to Magistrate Judge Otazo-Reyes pursuant to 28 U.S.C. § 636(b)(1)(B) for all pre-trial, non-dispositive matters, and a Report and Recommendation on all dispositive matters. [ECF No. 6]. On August 3, 2020, Judge Otazo-Reyes issued her Report recommending that the Court: (1) grant with prejudice Buckley Towers Defendants' Motion to Dismiss, AKAM's Motion to Dismiss, Secretary's Motion to Dismiss, and Stroker's Motion to Dismiss; (2) grant without prejudice Stevens & Goldwyn's Motion to Dismiss; (3) grant Defendants' Motion to Stay and AKAM's Motion to Strike; and (4) deny Plaintiffs' Emergency Motion in Case No. 20-20202. Plaintiffs Janvier Villars and Aleksejs Nikitins timely filed objections, [ECF No. 66], to which no responses were filed.

      A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of the record, the Court agrees with Judge Otazo-Reyes's well-reasoned analysis and findings in the Report and finds that the Motions must be resolved as stated above.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendants Buckley Towers Condominium Association, First Services Residential, Olesya Arkhipova, Mordechai Zarger, Liliana Calderon, Iliana Muxo, and Alma Abreu's Motion to Dismiss Complaint with Prejudice in Case No. 19-23794, [ECF No. 8], is **GRANTED**;

(2) Defendant AKAM On-Site Inc.'s Notice of Joinder in Motion to Dismiss Complaint with Prejudice in Case No. 19-23794, [ECF No. 9], is **GRANTED**;

(3) Defendant Secretary of the State of Florida's Motion to Dismiss in Case No. 19-23794, [ECF No. 15], is **GRANTED**;

(4) Defendant Peggy Stroker's Motion to Dismiss Complaint with Prejudice in Case No. 19-23794, [ECF No. 19] is **GRANTED**;

(5) Consolidated Defendant Stevens & Goldwyn, P.A.'s Motion to Dismiss in Case No. 20-20202, [ECF No. 36], is **GRANTED**;

(6) Defendants Buckley Towers Condominium Association, First Services Residential, Olesya Arkhipova, Mordechai Zarger, Liliana Calderon, Iliana Muxo, Alma Abreu, AKAM On-Site Inc., Secretary of the State of Florida, Peggy Stroker, and Stevens & Goldwyn P.A.'s Joint Motion to Stay Proceedings, [ECF No. 48], is **DENIED as moot**;

(7) Defendant AKAM On-Site Inc.'s Motion to Strike Plaintiff's Request for Admissions and Production of Merits [D.E. 51], [ECF No. 61], is **GRANTED**;

(8) Plaintiffs Janvier Villars and Aleksejs Nikitins's Emergency Motion in Case No. 20-20202, [ECF No. 1], is **DENIED as moot**;

(9) Plaintiff Janvier Villars's Complaint in Case No. 19-cv-23794-GAYLES/OTAZO-REYES, [ECF No. 1], is **DISMISSED with prejudice**;

(10) Plaintiffs Janvier Villars and Aleksejs Nikitins's Purported Class Action Complaint in Case No. 20-cv-20202-GAYLES/OTAZO-REYES, [ECF No. 1], is **DISMISSED without prejudice**; and

(11) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE